## COTT v STATE

Ohio Appeals, 3rd Dist, Logan Co

No. 847. Decided Dec 24, 1937

Roy Warren Roof, Kenton, for plaintiff in error.

J. Ewing Smith, Bellefontaine, for defendant in error.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court of Logan county, Ohio, entered upon a verdict of a jury in said court finding the defendant-appellant guilty of robbery in the manner and form as he stood charged in an indictment in said court.

The appellant claims error in the following particulars: First. That said verdict and judgment are not sustained by any evidence; Second, That said verdict and judgment are not sustained by sufficient evidence, that is, evidence tending to prove the defendant guilty beyond a reasonable doubt.

These claimed errors will be considered in the order mentioned.

1. From an inspection of the record in this case we find that although mostly circumstantial, there is competent, credible and substantial evidence tending to prove the commission by the defendant of the offense charged. The first assignment of error is therefore without basis.

2. Whether this evidence in and of itself tended to prove the guilt of the defendant beyond a reasonable doubt it is unnecessary to determine as the defendant failed to testify, and under the provisions of **Sec 10, Art 1 of the Constitution**, his failure to testify might be considered by the court and jury. While this constitutional provision does not specify the manner in which such failure to testify may be considered or the weight that may be given it on such consideration, it is obvious from the nature of the subject matter that it may be considered in connection with the evidence in the case in a manner analagous to that in which the refusal of a person charged with larceny, who is found in possession of the stolen goods recently after the same had been stolen, to give any account of the manner in which or the means by which he came into the possession of the stolen goods, may be considered, and the weight to be given to it, in connection with such evidence is a matter for the determination of the jury.

The failure of the defendant to testify was therefore effective in supplying any deficiency in degree of the evidence and with the evidence tended to prove the guilt of the defendant beyond a reasonable doubt, and the verdict and judgment are not subject to reversal as not being sustained by sufficient evidence. The second claimed error is therefore without basis.

For the reasons mentioned the judgment of the Common Pleas Court will be affirmed at costs of appellant, and the cause remanded for execution.

GUERNSEY, PJ, CROW and KLINGER, JJ, concur.